DISTRICT COURT FOR THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

| | |
|---|---|
| PATHOS BAY, LLC., and ) <br> LEGACY VI STJ, LLLP ) <br>       Plaintiffs ) <br> ) <br> v. ) <br> ) <br> THOSE CERTAIN UNDERWRITERS AT ) <br> LLOYDS OF LONDON SUBSCRIBING ) <br> TO POLICY NO. B128413576W17 (aka ) <br> POLICY NO. 13576W17), THOSE ) <br> CERTAIN UNDERWRITERS AT LLOYDS ) <br> OF LONDON PARTICIPATING IN ) <br> SYNDICATE NO. 2468, and BMS GROUP ) <br> LTD. a/k/a BMS RISK SOLUTIONS ) <br>       Defendants. ) <br> _____) | Case No. 3:18-CV_____ <br><br> Action for Damages, Bad Faith, Breach of Contract, Breach of Duty of Good Faith and Fair Dealing, Declaratory & Negligence <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs, PATHOS BAY, LLC and LEGACY VI STJ, LLLP, by and through undersigned counsel, hereby complains of defendants: THOSE CERTAIN UNDERWRITERS AT, LLOYDS OF LONDON SUBSCRIBING TO POLICY NO.B128413576W17, aka POLICY NO. 13576W17; THOSE CERTAIN UNDERWRITERS AT LLOYDS OF LONDON PARTICIPATING IN SYNDICATE NO. 2468 SUBSCRIBING TO EXCESS POLICY NO. 13581W17; and BMS GROUP, LTD. d/b/a BMS RISK SOLUTIONS, and state and alleges as follows:

### I. THE PARTIES:

1(a).   Plaintiff, PATHOS BAY, LLC ("PATHOS BAY") is a Limited Liability Company organized under the laws of the State of Delaware and having its principle place of business in Kansas City, MO, and is for purposes of diversity of citizenship jurisdiction, a citizen of the State of Missouri.

1(b).   Plaintiff LEGACY VI STJ, LLLP ("LEGACY") is a Limited Liability Limited

Partnership, and is the sole member of PATHOS BAY, with its principle place of business in St. John, U.S. Virgin Islands, and for purposes of diversity of citizenship is a citizen of the U.S. Virgin Islands. Plaintiffs PATHOS BAY and LEGACY are hereinafter referred to as "PB" or "Plaintiffs", as both are listed as the named insured under the insurance policies at issue herein.

2.   Defendant THOSE CERTAIN UNDERWRITERS AT, LLOYDS OF LONDON SUBSCRIBING TO POLICY NO. B128413576W17 ("LLOYDS"), are, on information and belief, composed of separate, but not joint, syndicates that underwrite insurance in one market place known as Lloyds of London. Each syndicate is organized under the laws of the United Kingdom with its principal place of business in London, England. As such, Lloyds is considered a citizen of Great Britain, a foreign country. Lloyds issued and sold the above insurance policy through and with defendant BMS GROUP, LTD. d/b/a BMS RISK SOLUTIONS, and provided insurance coverage to Plaintiffs, PB, in St. John, U.S. Virgin Islands and as such transacted business in the U.S. Virgin Islands.

3.   Defendant THOSE CERTAIN UNDERWRITERS AT, LLOYDS OF LONDON PARTICIPATING IN SYNDICATE NO. 2468 ("2468"), are, on information and belief, composed of separate, but not joint, syndicates that underwrite insurance in one market place known as Lloyds of London. Each syndicate is organized under the laws of the United Kingdom with its principal place of business in London, England. As such, 2468 is considered a citizen of Great Britain, a foreign country. 2468 issued and sold the Excess Risks of Direct Physical Loss which accompanied the above insurance policy through and with defendant BMS GROUP, LTD. d/b/a BMS RISK SOLUTIONS, and provided insurance coverage to Plaintiffs, PB, in St. John, U.S. Virgin Islands and as such transacted business in the U.S. Virgin Islands.

4.   Defendant BMS GROUP, LTD. d/b/a BMS RISK SOLUTIONS ("BMS"), is on information and belief, organized under the laws of the United Kingdom with its principal place

of business in London, England. As such, BMS is considered a citizen of Great Britain, a foreign country. BMS issued and sold the insurance policy and provided the insurance coverage at issue to Plaintiffs, PB, with Lloyds, for PB's property in St. John, U.S. Virgin Islands and as such transacted business in the U.S. Virgin Islands.

## II. JURISDICTION AND VENUE

5. This Court has diversity jurisdiction over this case pursuant to 28 U.S.C.S. § 1332 because Plaintiffs and defendants are citizens of different countries, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper pursuant to 28 U.S.C. § 1391 as defendants are subject to the jurisdiction of this Court and substantial parts the acts and omissions complained of occurred in this Division of the District Court.

7. Supplemental jurisdiction for Territorial law claims exists under 28 U.S.C. § 1367(a).

## III. NATURE OF THE ACTION

8. Defendants BMS and Lloyds issued a Commercial Property Insurance Policy, No. B128413576W17, to PB, providing Five Million Dollars ($5,000,000.00) of windstorm, property and Casualty insurance coverage for the buildings and structures and personal property belonging to the insured as located at Parcels 126 and 272 Estate Chocolate Hole, No. 11 Cruz Bay Quarter, St. John, 00830, for the policy period June 14, 2017 to June 25, 2018.

9. Defendants BMS and 2468 issued an Excess Risks of Direct Physical Loss or Damage Insurance to Commercial Property Insurance Policy, No. B128413576W17, to PB, providing an additional Thirteen Million One Hundred Eighty Thousand Six Hundred Fifty Dollars ($13,180,650.00) of windstorm, property and casualty insurance coverage for the buildings and structures located at Parcels 126 and 272 Estate Chocolate Hole, No. 11 Cruz Bay

Quarter, St. John, 00830, for the policy period June 14, 2017 to June 25, 2018.

10. Plaintiffs paid defendants the premium required for the insurance coverage provided by said Commercial Property Insurance policy and the Excess Risks, and that policy with excess risk was in full force and effect as of September 6, 2017.

11. During the policy period, on September 6, 2017, Hurricane Irma struck St. Thomas and caused substantial damages and losses to PB's buildings and structures, all of which were covered losses under the aforesaid insurance policy.

12. PB sustained massive damage to the exterior and interiors of the buildings at its property from Irma's wind-driven rain and flying debris.

13. Following Hurricane Irma, Plaintiffs promptly advised defendants' that the insured property was badly damaged in the Hurricane and that it was making a claim under the aforesaid policy.

14. Defendants failed to timely respond to Plaintiffs, and failed to send a qualified adjuster to investigate, inspect and adjust the buildings and structures covered under the insurance policy at issue, and failed and refused to undertake a complete inspection and assessment of the each of buildings and structures at plaintiff's property. As a result, defendants failed to adequately or timely determine the full nature, scope and extent of plaintiff's damages and losses resulting from Hurricane Irma.

15. At all times relevant defendants were under the obligation and had the duty to: (a) act in "good faith, abstain from deception and practice honesty and equity in all insurance matters" (22 V.I.C. § 2); (b) avoid misrepresenting the nature and extent of the policy and coverages provided (22 V.I.C.§ 1209); (c) refrain from false representations and unfair practices (22 V.I.C.§§ 1201, 1204); and also had an affirmative the duty to adequately, properly and timely adjust PB damages and losses.

16. When defendants did not timely assess or adjust the loss, PB engaged a public adjuster to assist in quantifying its loss. In addition, PB also engaged a licensed contractor to evaluate and prepare an itemized quotation for the repair and reconstruction of the buildings and structures at its property.

17. Because of defendants delay, PB was unable to make needed repairs impairing their ability to generate income from the property.

18. Defendants finally got around to having an adjuster do a cursory inspection of the property late in 2017 after Hurricane Maria, a second category 5 hurricane, struck the Virgin Islands. That adjuster then left the Virgin Islands, claiming no damages were suffered beyond deductible, without providing PB with a report or even an estimate as to what he believed the total damages and losses were, and failed to comply with the order of the Lt. Governor of the Virgin Islands, acting in his capacity as Commissioner of Insurance, which required insurers and their adjusters to timely respond to, and assess and adjust the loss within 30 days of the adjusters onsite inspection.

19. Thereafter, additional adjusters were assigned by the insurer, but did not inspect, assess or evaluate the full scope of the damages caused by Hurricane Irma, and they did not do a full or complete evaluation of the damages and losses to plaintiff's buildings and structures; and despite repeated requests by Plaintiffs, defendants failed to timely and properly adjust plaintiff's claims for damages and losses to its buildings and structures, contents/business property, or its business interruption loss.

20. Indeed, on information and belief, following Hurricane Irma defendants failed and refused to hire qualified insurance adjusters in significant enough numbers, or to pay for a sufficient numbers of qualified adjusters to be assigned and brought to St. Thomas to assess and adjust the damages and losses sustained by their policyholders in St. Thomas, including

Case: 3:18-cv-00075-WAL-RM   Document #: 1   Filed: 09/05/18   Page 6 of 16

*Pathos Bay, LLC., et al. v. Lloyds of London, et al.*　　　　Dist.Ct. Case No. 3:18-CV-_____
Complaint　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 6

Plaintiffs, and defendants, on information and belief, failed and refused to send a qualified adjuster to properly assess and adjust plaintiff's loss from Hurricanes Irma and Maria.

21. As a result, on or about January 5, 2018, after more than four (4) months of delay by defendants, Plaintiffs submitted a Sworn Statement of Proof of Loss for its buildings and structures damages and losses, together with supporting documentation which included the comprehensive evaluation of the damages and losses and a quote for the repair and reconstruction of the buildings and structures at the property from the licensed contractor Plaintiffs had engaged.

22. On or about January 5, 2018, after more than four (4) months of delay by defendants, Plaintiffs submitted a Sworn Proof of Loss for an advance request for out of pocket monies to clear and stabilize the property.

23. Under the Virgin Islands Insurance Code, 22 V.I.C. §228, defendants, as insurers doing business in the Virgin Islands had thirty (30) calendar days from the date on which a Proof of Loss has been submitted to them to pay or reject the claim.

24. The 30 calendar day period established in Section 228 of the Virgin Islands Insurance Code expired on February 5, 2018.

25. Defendants failed to reject or pay plaintiff's January 5, 2018 Proof of Loss within the time provided by law, and also failed to reject or pay plaintiff's advance request within the time provided by the statute.

26. As a result, Plaintiffs has still not received an offer towards settlement or completed adjustment for its buildings and structures damages and losses, together with supporting documentation which included the comprehensive evaluation of the damages and losses and a quote for the repair and reconstruction of the buildings and structures at the property from the licensed contractor Plaintiffs had engaged.

27. Defendants acts and omissions as aforesaid, are and were, on information and belief, intentional, calculated to deprive policy holders, and Plaintiffs in particular, of their rights and privileges under the policies, and in violation of Virgin Islands law and the duly promulgated regulations and orders governing insurance companies in the Virgin Islands.

28. Defendants refusal to properly assess, adjust and pay Plaintiffs in accordance with its policy obligations and Virgin Islands law, breached it's fiduciary duties and obligations to PB.

29. In addition, defendants failure to adequately and properly investigate, assess and adjust plaintiff's claims, and its initial failure to adequately and properly assess and adjust plaintiff's hurricane loss after being placed on notice of same, violates the orders of the Virgin Islands Lt. Governor in his capacity as the Commissioner of Insurance regarding the timely adjustment and resolution of Hurricane Irma claims.

30. Defendants, on information and belief, have not made a good faith effort to adjust plaintiff's claim for Hurricane Irma damages and losses, and as a result Plaintiffs has suffered and continues to suffer damages and losses, including economic losses for which defendants are jointly and severally liable.

31. Defendants, like other insurers in the Territory, have been charging very high premiums for insurance coverage for many years.

32. The risk of a potential hurricane has permitted defendants, and other insurers, to charge exorbitant premiums for decades to their Virgin Islands' policy holders.

33. Defendants have reaped the benefits of its high premiums for years because, while they have been charging premiums which include the risk of hurricane damage, the islands have not been struck by any significant named wind storms or hurricanes for over two decades.

34. Now that a significant hurricane has damaged the territory, defendants willfully, deliberately and intentionally refused to comply with the terms and conditions of their insurance

policy with Plaintiffs, and failed and refused to comply with the provisions of the Virgin Islands Insurance Code and the regulations and orders of the virgin Islands Lt. Governor in his capacity as the Commissioner of Insurance.

35. Defendants actions have been intentional, willful, wanton, deliberate, and/or reckless, and have been made in a bad faith effort to deprive Plaintiffs of its rights under its insurance policy.

36. As a result of the foregoing and as more fully set forth below, defendants are liable to Plaintiffs for all compensatory and consequential damages, including but not limited to, delay damages, and for punitive damages for their outrageous, willful and wanton misconduct, as well as for all costs, expenses, attorneys' fees, and pre-judgment interest from the date of the loss to the date of judgment.

## COUNT I: BREACH OF CONTRACT

37. Plaintiffs hereby incorporates all previous paragraphs as if fully restated herein.

38. Defendants entered into a contractual agreement with Plaintiffs by offering Plaintiffs a commercial property insurance policy for the buildings and structures at PB's property, which Plaintiffs accepted and paid for in full.

39. Defendants breached their contractual obligations to Plaintiffs by refusing to pay for the documented damages to the insured property as set forth in the January 5, 2018 Proof of Loss, all of which were covered by the subject policy.

40. Defendants breached their contractual obligations to Plaintiffs by refusing to properly adjust or pay for the documented damages to the insured property, all of which were covered by the subject policy.

41. In accordance with the provisions of the Virgin Islands Insurance Code and the policy, Plaintiffs submitted its Sworn Statement in Proof of Loss for the buildings and structures

on January 5, 2018, it's Sworn Statement in Proof of Loss for and request for an advance of January 5, 2018, as more fully described above; and as such defendants were required to accept and pay or reject those Proofs of Loss within 30 days of submission, which they failed to do.

42. Defendants failure and refusal to assess, adjust or pay plaintiff's claims has breached the contract of insurance with Plaintiffs, and violated the applicable provisions of the Virgin Islands Insurance Code and the Orders of the Lt. Governor acting in his capacity as Commissioner of Insurance for the Virgin Islands.

43. As a direct result thereof, defendants are liable to Plaintiffs for all compensatory and consequential damages, including delay damages, as a result of their breach of their contractual and statutory obligations, and their failure to timely assess and adjust plaintiff's Hurricane Irma damages and losses, and to timely adjust and pay plaintiff's claims as aforesaid, as well as for all costs, expenses, plaintiff's reasonable attorneys' fees, and pre-judgment interest from the date of the loss, September 6, 2017, to the date of judgment pursuant to 22 V.I.C. § 228(b).

## COUNT II:  BAD FAITH

44. Plaintiffs incorporates by reference all preceding paragraphs as if fully restated herein.

45. An insurance contract existed between defendants and Plaintiffs.

46. The insurance policy included coverage for all of the damages and losses set forth in plaintiff's Sworn Statements of Poof of Loss.

47. Plaintiff's policy specifically provided coverage for named windstorms (hurricanes) during the life of the policy.

48. Plaintiff's insured property was severely damaged by wind and wind-driven rain from a named windstorm (Hurricane Irma) during the policy period.

49.　Plaintiffs paid the entire policy premium due under the policy and otherwise complied with the policy terms and conditions.

50.　Defendants breached their contract with Plaintiffs by failing to timely investigate, assess, adjust and pay all of the covered damages and losses from Hurricane Irma, as more fully set forth and described in the claim and the documents submitted therewith.

51.　Defendants have refused to pay for hurricane related damages, even though plaintiff's damages and losses are covered by the insurance policy defendants issued to it and despite plaintiff's having submitted Sworn Proofs of Loss to them..

52.　Defendants have delayed assessing and adjusting plaintiff's claim, and when Plaintiffs requested that defendants enter into a tolling agreement to toll any arguable suit limitation provision in the policy, while defendants continued to reviewed the claim and the damages and losses at the property, defendants failed and refused to provide such an agreement.

53.　Defendants' refusal to timely investigate, assess, adjust and pay plaintiff's claim within the time periods established by law, and to pay said claims after submission of its Sworn Statements of Proof of Loss not only violates the Virgin Islands Insurance Code and the orders of the Lt. Governor as the Commissioner of Insurance, but is also a repudiation of the insurance contract and evidence of defendants bad faith.

54.　Defendants had no reasonable basis, either in law or fact, for their refusal to comply with their obligations to timely investigate, assess, adjust and pay plaintiff's covered hurricane damages and losses.

55.　Defendants' acts and omissions, as more fully set forth above, are outrageous, and, on information and belief, were done with evil motive or with reckless indifference to plaintiff's rights as a policy holder.

56.　As a direct and proximate result thereof, defendants are liable to plaintiffs for all

compensatory and consequential damages, include delay damages, and for punitive damages in an amount sufficient to punish them for their outrageous, intentional, and unlawful conduct, and in an amount sufficient to deter others from engaging in similar wrongful and unlawful conduct, and for all costs, expenses, attorneys' fees, and prejudgment interest, pursuant to 22 V.I.C. § 228(b), from the date of the loss to the date of judgment.

### COUNT III: BREACH OF THE DUTY OF GOOD FAITH & FAIR DEALING

57.　Plaintiffs incorporates by reference all preceding paragraphs as if fully restated herein.

58.　A contract for insurance existed between defendants and Plaintiffs.

59.　Defendants has engaged in fraudulent, deceitful, and other conduct inconsistent with its contractual obligations to Plaintiffs and its statutory obligations in issuing a policy of insurance.

60.　Plaintiffs reasonably expected that defendants would be equipped to address the damages and losses associated with a hurricane, since they were in the business of selling insurance policies which explicitly cover hurricane damage, and would timely and adequately assess, adjust and pay plaintiff's loss.

61.　Defendants intentionally short staffed or failed to hire a sufficient number of qualified adjusters and/or, on information and belief, hired incompetent or dishonest adjusters who, on information and belief, failed and refused to assess the full nature and extent of the losses to the insured property, and who took advantage of plaintiff's inexperience and unfamiliarity with the adjustment process to avoid determining the full scope and extent of plaintiff's loss and to attempt to avoid paying for all of the damages and losses actually incurred to the property.

62.　Defendants adjuster(s), for example, failed to timely investigate and assess the

damages caused by Hurricane Irma to the insured property, and attempted to shift the burden of adjusting the damages and losses to Plaintiffs.

63. Despite the foregoing, defendants, and their agents and representatives, sought to avoid and breached their obligations under the insurance policy issued to Plaintiffs and their obligations under the Virgin Islands Insurance Code to act with the utmost good faith, avoid deception, and practice honesty and equity in their assessment and adjustment of plaintiff's Hurricane Irma losses.

64. For these and all these reasons and as set forth above, defendants breached their duty of good faith and fair dealing imposed both by Section 2 of the Virgin Islands Insurance Code and by the implied warranty of good faith and fair dealing which is a part of any contract, including a contract of insurance.

65. Defendants' actions and inactions are and were intentional, outrageous, and are done with evil motive and with reckless indifference to plaintiff's rights as a policy holder.

66. As a direct result of the foregoing, defendants are liable to Plaintiffs for all compensatory and consequential damages, include delay damages, and for punitive damages in an amount sufficient to punish them for their outrageous, intentional, and unlawful conduct, and in an amount sufficient to deter others from engaging in similar wrongful and unlawful conduct, as well as for all costs, expenses, attorneys' fees, and prejudgment interest, pursuant to 22 V.I.C. § 228(b), from the date of the loss to the date of judgment.

## COUNT IV:  DECLARATORY JUDGMENT

67. Plaintiffs incorporates by reference all preceding paragraphs as if fully restated herein.

68. Based on the foregoing, Defendants have violated the explicit terms and conditions of the insurance policy issued to Plaintiffs.

69. It should be declared that Defendants are in breach of their duties and obligations under the insurance policy at issue.

70. It should be further declared that defendants are jointly and severally liable to Plaintiffs for all compensatory and consequential damages, include delay damages, and for punitive damages, where applicable, in an amount sufficient to punish them for their outrageous, intentional, and unlawful conduct, and in an amount sufficient to deter others from engaging in similar wrongful and unlawful conduct, as well as for all costs, expenses, attorneys' fees, and prejudgment interest, pursuant to 22 V.I.C. § 228(b), from the date of the loss to the date of judgment.

## COUNT V.  DECLARATORY JUDGMENT

71. Plaintiffs incorporates by reference all preceding paragraphs as if fully restated herein.

72. Defendants' policy with Plaintiffs permits the Underwriters to compel Plaintiffs to submit to a arbitration certain disputes which may be encompassed in some but not all of the foregoing Counts of this Complaint, even though the time for submission of any such disputes is not specified and is being used by insurers as a further delaying tactic.

73. The arbitration provision, however, is not sufficiently definite enough so that the parties have some idea as to what particular matters are to be submitted to appraisal, or as to the procedures and rules by which appraisal is to be effected.

74. The arbitration provision also does not specify whether the parties may to be represented by counsel and the role of counsel, whether discovery is permitted, or the issues to be decided by appraisal.

75. 22 V.I.C. § 820(a)(2) prohibits an insurer from including any language in an insurance policy which would deprive a Court of jurisdiction over a dispute.

76. The arbitration provision in defendants' policy attempts to deprive the Court of jurisdiction by unilaterally establishing a process which would deprive the Court of jurisdiction.

77. The policy of insurance issued to Plaintiffs is a contract of adhesion, as there was no bargaining over the terms and conditions thereof, and instead it was presented to Plaintiffs on a take it or leave it bases after Plaintiffs has agreed to and paid for the amounts and types of coverage insured thereunder, and at no time did the parties negotiate or agree in advance to the appraisal provision unilaterally inserted by the insurer into the policy.

78. This Court should therefore declare the arbitration provision of the policy void as in violation of the Virgin Islands Insurance Code pursuant to 22 V.I.C. § 820(a)(2), and void as against public policy.

## COUNT VI: NEGLIGENCE

79. Plaintiffs incorporates by reference all preceding paragraphs as if fully restated herein.

80. Defendants acts and omissions as set forth above breached their duty of care to Plaintiffs.

81. Defendants acts and omissions as set forth above were undertaken negligently and in reckless disregard for the consequences.

82. Defendant's negligence includes but is not limited to:

   (a) the failure to timely and adequately investigate, assess and adjust plaintiff's Hurricane Irma damages and losses;

   (b) the failure to engage competent and qualified adjusters to conduct a timely and adequate investigation and assessment of plaintiff's Hurricane Irma damages and losses;

   (c) the failure to engage adequate numbers of qualified competent adjusters to investigate, assess and adjust plaintiff's Hurricane Irma damages claim;

   (d) the failure to bring adequate numbers of qualified adjusters to St. John to

investigate, assess and adjust its St. John insured's Hurricane Irma damages and losses, including plaintiffs;

    (e) the failure to obtain the price lists from construction material suppliers in St. Thomas and St. John, as periodically updated after Hurricanes Irma and Maria, so that it had accurate prices for assessing the actual costs of materials for hurricane repairs in St. John;

    (f) the failure to obtain licensed contractors in St. John to provide it with the actual cost of labor and repairs for hurricane damages to properties, such as plaintiff's, in St. John, and to keep abreast with current pricing for construction services in St. John; and

    (g) their failure to comply with Virgin Islands law, Rules and Regulations, and the Orders of the Lt. Governor as Commissioner of Insurance, which failures to comply and violations constitutes negligence *per se*;

83. As a direct and proximate result of defendants' negligent acts and omissions as more fully set forth above, Plaintiffs has suffered damages and losses, including but not limited to delay damages and the continued loss of use and income therefrom.

84. As a direct and proximate result of defendants negligent acts and omissions as more fully set forth above, defendants are liable to Plaintiffs for compensatory and consequential damages in an amount to be determined by the trier of fact, as well as for plaintiff's costs, expenses, attorneys' fees, and prejudgment interest, pursuant to 22 V.I.C. § 228(b), from the date of the loss to the date of judgment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully demands judgment be entered in its favor against defendants, jointly and severally, and that Plaintiffs be awarded the following:

    a.    Compensatory damages;

    b.    Consequential damages, including delay damages;

    c.    Presumed damages, where applicable;

    d.    Punitive damages, where applicable, in an amount sufficient to punish defendant

for their outrageous, intentional and unlawful conduct, and in an amount sufficient to deter others from engaging in similar wrongful and unlawful conduct;

e.  Statutory interest in accordance with 22 V.I.C. § 228(b) and 11 V.I.C. §951;

f.  Declaratory Relief as requested in Counts IV and V;

g.  Plaintiff's reasonable attorney's fees and costs; and

h.  Such further and other relief as the Court may deemed just and proper.

**Dated**: September 5, 2018

Respectfully submitted
**A.J. WEISS AND ASSOCIATES**

By:  *A. Jeffrey Weiss, Esq.*
**A. Jeffrey Weiss, Esq.   V.I. Bar # 257**
6934 Vessup Lane
St. Thomas, U.S. Virgin Islands 00802-1001
Telephone: (340) 777-3011
Telecopier: (340) 777-3019
Email: jeffweiss@weisslaw-vi.net
*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs demand trial by jury on all matters and claims triable by jury.

**A.J. WEISS AND ASSOCIATES**

By:  *A. Jeffrey Weiss, Esq*
**A. Jeffrey Weiss, Esq.   V.I. Bar # 257**
6934 Vessup Lane
St. Thomas, U.S. Virgin Islands 00802-1001
Telephone: (340) 777-3011
Telecopier: (340) 777-3019
Email: jeffweiss@weisslaw-vi.net
*Counsel for Plaintiffs*